## FREAS v. JONES.

It is competent for the appellant to show, that a mistake has been made in the date of the affidavit accompanying the appeal.
It is improper to endorse the affidavit, on the back of the appeal bond.

At the last term of this court, *Eakin*, for the appellant, obtained a rule to shew cause, why a *mandamus*, should not go to the Common Pleas of Salem, commanding that court to re-instate the appeal in this case, and proceed thereon according to law.

*R. P. Thompson*, for the appellee.

HORNBLOWER, C. J. The cause was tried, and the judgment entered before the Justice on the 21st of September 1832, and he certified to the Court of Common Pleas, that on the 30th of October 1832, the defendant demanded an appeal, and tendered to him a bond executed according to law, and at the same time filed with him an affidavit made by the defendant, according to law, that he accepted the same, and granted an appeal. The Justice sent up to the Court of Common Pleas, with his tran-

Freas *v.* Jones.

script, the appeal bond, on the back of which, the affidavit of merits was written. The appeal bond is dated the 30th of October 1832, but the *jurat* to the affidavit bears date the 30th of October 1830. The appellant offered to shew, by the person who wrote the affidavit and dated the *jurat*, that it was a clerical mistake, and that the affidavit was in fact made and subscribed on the 30th of October 1832. The court, however, refused to receive any evidence of the mistake, or permit a correction of the error, and thereupon dismissed the appeal.

It would seem impossible to shut one's eyes to the truth so effectually, as to exclude the conviction, that the affidavit must have been made at, or after the execution of the bond—and consequently that 1830 was written by mistake instead of 1832. It is probable, however, the court were satisfied of this, but supposed it to be a fatal error, and one that could not be corrected according to their rules of practice. But I consider the date unimportant, provided the affidavit was sufficient. A date is not essential to an affidavit. If untrue, perjury may be assigned upon it, though it may have no date, or a wrong or impossible one, and the true time of making it, may be averred and proved. If it is an affidavit *in the cause*, if it states that the appeal is not prosecuted for delay, and that the party verily believes he has a just defence upon the merits, and if it was filed with the Justice at the time of demanding the appeal, it is sufficient. Such appears to be the case in this instance, and the court ought not to have dismissed the appeal, on the ground of the self evident mistake in the date affixed to the *jurat*.

But there is, I think, a more substantial ground on which if the court had dismissed the appeal, I should feel strongly inclined to refuse the *mandamus*. It is this, that the affidavit is endorsed on the back of the bond. This is manifestly improper. The bond is for the security of the appellee; the affidavit is a file of the court, and ought to remain so. If then the former should be awarded to the appellee, to be prosecuted for his benefit, what is to become of the affidavit? Must that be taken off the files, and delivered to the party also? The affidavit certainly ought to be retained in court, unless it should become necessary to prosecute an indictment upon it, in which

case, it would, by the order of the court, be delivered to the Attorney General.

But as the practice of endorsing the affidavit on the bond has prevailed to some extent, let the *mandamus* in this case issue.

FORD, J. and RYERSON, J. concurred.

CITED in *Dilkes* v. *Browning*, 3 *Gr.* 472 ; *Robbins* v. *Bonnel*, 1 *Harr.* 234 ; *Same case*, 1 *Harr.* 358.